No. 8

McCRAY v. LYMAN etc.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1348. Decided Oct. 17, 1925

**276. CONDITIONAL SALE—Where a bill of sale is executed conveying full title to vendee subsequent to a writing reversing title in vendor, full title is invested in the vendee** by such bill of sale, which supercedes the instrument of reservation; and there is no conditional sale.

ALLREAD, J.

The original action was one in replevin by the Lyman Motor Co. against N. F. McCray in the Franklin Common Pleas, to recover possession of a certain truck upon which he held a chattel mortgage for payment of deferred payments for the purchase price. The payments thus secured being in default, Arthur Lyman claimed the right to possession of said truck.

McCray, on cross petition, claimed that the truck was delivered on conditional sale and that Lyman had not tendered or offered to comply with provisions of 8570 GC. in regard to conditional sales. The principal issue in this case was whether the sale was a conditional sale within the meaning of 8570 GC. The original order for the truck, dated Sept. 26, 1923, contained a provision reserving title in the Motor Co. until the truck was fully paid for.

When the truck was delivered, an absolute bill of sale conveying it to the purchaser was executed by the Motor Co. without any reservation whatever as to title, and a chattel mortgage was given to secure the deferred payments; this transaction bearing the date of Oct. 15, 1923. The trial judge instructed the jury that the sale of the truck was not conditional and that a verdict upon that issue should be returned in favor of the Lyman Motor Co. Error from this verdict was prosecuted to the Court of Appeals, and it was held:

1. The instruction as given by the lower court was correct.

2. The written bill of sale as provided by law having been executed and filed with the Clerk of Court, the title to the property sold was no longer conditional.

3. McCray, by said bill of sale, obtained the absolute title subject only to the chattel mortgage.

4. There was no question for the jury here, as the title was absolutely conveyed by written bill of sale and there was no competent evidence other than the bill of sale bearing on the question as to the character of the title conferred upon McCray at the time the truck was actually delivered.

5. The writing of September 26th was superceded by the writing of October 15th.

Judgment of Common Pleas affirmed.

Attorneys—C. M. Addison and David E. Evans for McCray; Ingalls, Landis and Selby for Lyman; all of Columbus.